IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Donald Ernest Heimpel, *et al.*, | * |
| Plaintiffs, | * |
| v. | *   Civil No. TJS-23-1159 |
| Vicour Holdings, LLC, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

This case is assigned to me for all proceedings by the parties' consent, pursuant to 28 U.S.C. § 636(c). ECF No. 18. Pending before the Court is the Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion") (ECF No. 22) filed by Defendant Vicour Holdings, LLC ("Vicour"). Having considered the parties' submissions (ECF Nos. 22, 33 & 36), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be denied.

**I.    Background**

Plaintiffs Daniel Ernest Heimpel, Dillon Kercher, and Ronald Palacios sued Vicour and James Richard Seba ("Mr. Seba"), on behalf of themselves and on behalf of a putative Rule 23 class, for purported violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Md. Code, Lab. & Empl. § 3-401 *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code, Lab. & Empl. § 3-501 *et seq.* ("MWPCL"), and for breach of contract. Vicour timely moved to dismiss and their Motion is ripe for decision.[1]

---

[1] Defendant James Richard Seba does not join in the Motion. He filed an Answer to the Complaint at ECF No. 20.

## II.      Factual Allegations

The following facts are accepted as true for the purpose of evaluating this Motion. Vicour is a limited liability company formed in the State of Maryland. ECF No. 1 ¶ 6. It "acquires companies to own and operate, and as such, is the parent company to a number of different corporate entities." *Id.* ¶ 7. Mr. Seba is Vicour's founder and general managing partner. *Id.* ¶ 11. In 2018, Vicour acquired Pavement Company, LLC ("Pavement Company"), which, as its name suggests, is engaged in the pavement business. *Id.* ¶¶ 8-9. Mr. Seba "took an active role in managing [Vicour's] business, including its finances and payroll in Pavement Company." *Id.* ¶ 12; *see also id.* ¶ 39 (alleging that "Defendant Seba has (or had . . .) complete operational control of Defendant Vicour and Pavement Company . . . and maintains custody and control" of their business records, including payroll records). Plaintiffs are former employees of Pavement Company. *Id.* ¶ 10.

As part of his management of Vicour and Pavement Company, Mr. Seba "explicitly directed" that Pavement Company's employees not be paid their regular wages for the time period of August 14, 2022, through September 24, 2022. *Id.* ¶ 14. And since April 2022, Mr. Seba directed that monies deducted from employees' paychecks that were meant to be deposited into the employees' IRA accounts "be withheld and not remitted." *Id.* ¶ 15. Pavement Company assured its employees that Mr. Seba and Vicour "were working with a new bank to make sure Pavement Company's employees would be paid" the wages owed to them, but the employees were ultimately laid off without having been paid. *Id.* ¶¶ 16-21. Vicour and Mr. Seba were actively involved in all aspects of Pavement Company's operations. *See id.* ¶¶ 22-28. And Mr. Seba used his authority and discretion to hire and fire Vicour and Pavement Company employees and "to fix, adjust and determine hours worked and amounts paid." *Id.* ¶¶ 42-43.

At all times relevant to the Complaint, Vicour had an annual gross volume of sales or business done in an amount exceeding $500,000. *Id.* ¶ 29. And at all times, Vicour and Pavement Company employed at least two employees who were engaged in commerce, and who produced goods for commerce, or handled, sold, or otherwise worked on goods or materials that have moved in or were produced for commerce as a single enterprise under the FLSA. *Id.* ¶ 30. Vicour and Pavement Company's employees used equipment that had crossed interstate lines, communicated by interstate wire and electronic means, and worked on projects in Virginia, Pennsylvania, and Delaware. *Id.* ¶¶ 31-35. Plaintiffs allege that they were jointly employed by Vicour and Pavement Company, that Vicour and Pavement Company are a single enterprise under the FLSA, that the enterprise coverage provisions of the FLSA are satisfied, and that Vicour satisfies the coverage provisions of the MWHL. *Id.*¶¶ 36-37.

Plaintiffs allege that Defendants did not pay the wages owed to them under federal and state minimum wage and overtime laws, and the commissions owed to them according to their employment contracts. *Id.* ¶¶ 51-59. This failure, Plaintiffs allege, did not stem from any bona fide dispute, but was instead a willful violation of the governing statutes. *Id.* Each of the named Plaintiffs makes additional allegations specific to their individual claims for unpaid wages and commissions. *See id.* ¶¶ 60-91. And Plaintiffs make allegations relevant to a Rule 23 class, but these allegations are not germane to the pending Motion. *Id.* ¶¶ 92-102.

## III.   Discussion

### A.   Legal Standard

#### 1.   Rule 12(b)(6)

Rule 12(b)(6) permits a court to dismiss a complaint if it fails to "state a claim upon which relief can be granted." "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a

complaint, [and not to] resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (internal quotation marks omitted). A complaint must consist of "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). When considering a motion to dismiss, a court must accept as true the well-pled allegations of the complaint and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). While a court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint generally "does not need detailed factual allegations." *Id.* So long as the factual allegations are "enough to raise a right to relief above the speculative level," the complaint will be deemed sufficient. *Id.* A "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and that a recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

### 2. Rule 56

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict for the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Yet the "mere existence of a scintilla of evidence in support of the [opposing party's] position" cannot defeat a motion for summary judgment. *Id.* at 252.

The facts themselves, and the inferences to be drawn from those facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest on the mere allegations or denials of its pleading but must cite "particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

### B. Plaintiffs' Allegation that Vicour is an "Employer"

Vicour argues that Plaintiffs' claims against it must be dismissed because it is not an "employer" under the FLSA, MWHL, or MWPCL. ECF No. 22-1 at 8-11. In determining whether an entity qualifies as an employer for purposes of the FLSA and related Maryland statutes, "[t]he

overarching concern is whether [the entity] possessed the power to control the workers in question."[2] *Prusin v. Canton's Pearls, LLC*, No. JKB-16-0605, 2017 WL 5126156, at *11 (D. Md. Nov. 6, 2017). The Court looks to the "economic reality" test to determine the employer's level of control, considering factors such as "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* "None of the four factors is dispositive; rather, a court should consider the totality of circumstances," including additional considerations such as "the person's job description, his or her financial interest in the enterprise, and whether or not the individual exercises control over the employment relationship." *Id.* (internal quotations omitted).

In support of its argument, Vicour notes that "as a single-member LLC that does not employ any individuals," it does not qualify as an employer under the "economic reality" test. *Id.* at 8. It attaches to its Motion an affidavit signed by Mr. Seba and an Operating Agreement purporting to govern the operations of Pavement Company. ECF Nos. 22-2 & 22-3. Because Vicour's argument relies on matters not alleged in or integral to the Complaint, the Court must consider whether to treat its Motion as a motion for summary judgment.

Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." But a Court has "complete discretion to determine whether or

---

[2] The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). An "employee" is defined as "any individual employed by an employer," *id.* § 203(e)(1), and "employ" means "to suffer or permit to work." *Id.* § 203(g). "The Supreme Court has instructed courts to construe the terms 'employer' and 'employee' expansively under the FLSA." *See Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 768 (D. Md. 2008) (citing *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992); *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)).

not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it, or simply not consider it." *Sager v. Hous. Comm'n of Anne Arundel Cnty.*, 855 F. Supp. 2d 524, 542 (D. Md. 2012). In determining whether to exercise its discretion to convert a motion to dismiss into one for summary judgment, a court should exercise "great caution" and consider whether conversion "is likely to facilitate the disposition of the action . . . [and] whether discovery prior to the utilization of the summary judgment procedure is necessary." *Id.* "This conversion is not appropriate when the parties have not had an opportunity to conduct reasonable discovery." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015).

The Court declines to consider the extrinsic evidence that Vicour has attached to its Motion, and declines to treat the Motion as a motion for summary judgment. Vicour relies heavily on the Court's decision in *Roman v. Guapos, III, Inc.*, 970 F. Supp. 2d 407, 414 (D. Md. 2013), but a review of the docket in that case indicates that the parties were permitted to conduct discovery *before* the Court ruled on the motion.[3] *See* ECF Nos. 11 & 18 in *Roman v. Guapos III, Inc., et al.*, No. DKC-12-2821. Plaintiffs have not yet conducted discovery. There are substantial disagreements about the role that Vicour played in relation to Plaintiffs' employment at Pavement Company, the authenticity of the Operating Agreement for Pavement Company, and the veracity of Mr. Seba's affidavit. *See* ECF No. 33 at 7-10. The Court concludes that Plaintiffs must be allowed an opportunity to take discovery before the Court considers whether summary judgment is warranted.

And the Court rejects Vicour's argument that Plaintiffs have failed to plead that it violated the FLSA and related state statues. Vicour may disagree with Plaintiffs' characterization of its

---

[3] There are also significant factual differences between this case and *Roman*.

operation and role in Plaintiffs' employment, but Plaintiffs have alleged that Vicour, along with Mr. Seba, acquired, controlled, and operated Pavement Company. As Plaintiffs explain in their response brief, "Defendant Seba could not have taken the actions he did absent Defendant Vicour Holdings['] ownership of Pavement Company, and Defendant Seba's position as the founder and general managing partner of Defendant Vicour Holdings." ECF No. 33 at 5.

### C. Plaintiffs' Breach of Contract Claim

Vicour argues that Plaintiffs' claim for breach of contract must be dismissed because "Plaintiffs do not attach a written contract or even describe the terms and conditions of an oral contract" to the Complaint. ECF No. 22-1 at 11. Vicour cites Mr. Seba's affidavit to maintain that it that it "never entered into contracts with any of the employees of Pavement, including Mr. Heimpel, Mr. Kercher and Mr. Polacios." *Id.*

The Court rejects this argument. Plaintiffs have alleged that they signed employment contracts with Defendants, ECF No. 1 ¶¶ 61, 72, 85, which Defendants breached by failing to pay Plaintiffs the wages owed and commissions due. This is sufficient to state a breach of contract claim. And, for the reasons stated above, the Court declines to consider evidence extrinsic to the Complaint because Plaintiffs have not yet had an opportunity to engage in discovery.

## IV.    Conclusion

For these reasons, Vicour's Motion to Dismiss (ECF No. 22) is **DENIED**. Vicour shall file an answer to the Complaint within 14 days of the date of this Memorandum Opinion and accompanying Order. Thereafter, the Court will enter a scheduling order so that the parties may proceed with discovery. The Court will not entertain any motion for summary judgment until after the close of discovery.

Date: February 7, 2024                                      /s/
                                                                         Timothy J. Sullivan
                                                                         Chief United States Magistrate Judge